Gerald E. Hawxhurst (Bar No. 220327)
  jerry@cronehawxhurst.com
Joshua P. Gelbart (Bar No. 274021)
  jgelbart@cronehawxhurst.com
CRONE HAWXHURST LLP
10880 Wilshire Blvd., Suite 1150
Los Angeles, California 90024
Telephone:  (310) 893-5150
Facsimile:   (310) 893-5195

Attorneys for Defendant
One Technologies, L.P.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| WILLIAM SILVERSTEIN,<br><br>         Plaintiff,<br><br>    v.<br><br>ONE TECHNOLOGIES, L.P., MICHAEL PERSAUD, and DOES 1-50 inclusive,<br><br>         Defendants. | Case No.:  2:14-cv-05724<br><br>**NOTICE OF REMOVAL AND REMOVAL OF ACTION TO FEDERAL COURT;**<br><br>**DEMAND FOR JURY**<br><br>[Diversity Jurisdiction, 28 U.S.C. §§ 1332, 1441, 1446]<br><br>[Filed concurrently herewith: Declaration of Heather George; Declaration of Joshua P. Gelbart; Fed. R. Civ. P. 7.1 Disclosure Statement; Local Rule 7.1-1 Notice of Interested Parties] |

TO THE CLERK OF THE ABOVE-ENTITLED COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendant One Technologies, L.P. hereby removes this action to the United States District Court for the Central District of California, and in support thereof, respectfully shows the Court as follows:

## BACKGROUND AND STATEMENT OF THE CASE

1. On or about January 15, 2014, an action styled <u>Silverstein v. One Technologies, L.P. et al.</u>, Case No. BC533141 (the "Action"), was commenced in the Superior Court of California for the County of Los Angeles. The Action was assigned to the Honorable Richard Fruin.

2. The complaint in the Action alleges that plaintiff William Silverstein is "an individual operating as a sole proprietor under the laws of the State of California and qualified and doing business under his own name with a principal place of business in Los Angeles, California." (<u>See</u> Compl. ¶ 3.)

3. The complaint alleges that One Technologies and Michael Persaud sent "spam" emails adverting Defendants' websites and products purportedly in violation of Business and Professions Code § 17529.5. (Compl. ¶¶ 1, 25-37.)

4. The Action is brought against two purported defendants: One Technologies and someone named Michael Persaud. Plaintiff also sued fictitious parties, Does 1-50.

5. One Technologies is a technology firm that focuses on consumer credit information. It is a Delaware Corporation with its principal place of business in Dallas, Texas. (<u>See</u> Declaration of Heather George ("George Decl.") ¶ 2.) As such, it is a citizen of Delaware and Texas.

6. None of One Technologies' partners are citizens of the State of California. (<u>See</u> <u>id.</u>)

7. The complaint alleges that defendant Michael Persaud is an individual residing in San Diego, California. (<u>See</u> Compl. ¶ 8.) Contrary to the allegations of

- 1 -

the complaint, no one by the name of Michael Persaud (or with the surname Persaud) has ever been employed by One Technologies to perform any service for or on behalf of One Technologies in any capacity. (George Decl. ¶ 4.) Specifically, no one named Michael Persaud (or with the surname Persaud) has ever been employed to "transmit some [or all of] the e-mails advertising [One Technologies] web sites," as alleged erroneously in the complaint. (Id.)

8. One Technologies generally and specifically denies the allegations of wrongdoing in the complaint.

## THE REQUIREMENTS FOR REMOVAL ARE SATISFIED

9. This Action is appropriately removed to federal court pursuant to 28 U.S.C. § 1332. One Technologies has satisfied all of the procedural requirements of 28 U.S.C. § 1446 and thereby removes this Action to the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1441.

### The Diversity of Citizenship Requirement Is Satisfied Because The Allegations Regarding "Michael Persaud" Are Ignored for Purposes of Removal

10. Although "[s]ection 1332 requires complete diversity of citizenship…, one exception to the requirement of complete diversity is where a non-diverse defendant has been 'fraudulently joined.'" Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001) (internal citations omitted). In such a case, "the 'fraudulently-joined' defendant is disregarded for diversity jurisdiction purposes and such a defendant is dismissed." Bellecci v. GTE Sprint Commc'ns Corp., Case No. C02-03974-WHA, 2003 WL 151538, at *3 (N.D. Cal. Jan. 14, 2003).

11. "Fraudulent joinder" is a term of art that "does not require a finding of fraudulent intent" by the plaintiff. Davis v. Prentiss Properties Ltd., Inc., 66 F. Supp. 2d 1112, 1114 (C.D. Cal. 1999) (internal citations omitted). As such, "[a] defendant may remove a civil action that alleges claims against a non-diverse defendant when the plaintiff has no basis for suing that defendant." Bellecci, 2003 WL 151538, at *3 (citing McCabe v. General Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987)). "In

- 2 -

1  determining whether a non-diverse defendant has been improperly joined, federal
2  courts in the Ninth Circuit may look beyond the pleadings and examine the factual
3  record." Id. at *4.  The Court may consider summary judgment-type evidence such
4  as affidavits and deposition testimony.  See Morris, 236 F.3d at 1068.

5      12.  In this case, "fraudulent joinder" is established because Mr. Silverstein
6  has no basis for alleging that a person named Michael Persaud was hired and
7  authorized by One Technologies to take any action on behalf of One Technologies,
8  let alone take the actions ascribed to Persaud in the complaint.  No one named
9  Michael Persaud (or with the surname Persuad) has ever been employed by One
10  Technologies to do anything on its behalf or for its benefit.  (See George Decl. ¶ 4.)
11  One Technologies has no employment records of anyone named Michael Persaud or
12  with the surname Persaud.  (See id.)[1]

---

[1]  Where the plaintiff "has misstated or omitted discrete facts that would determine the propriety of joinder," the district court may conduct a "summary inquiry" into "discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." Smallwood v. Ill. Central R.R. Co., 385 F.3d 568, 573 (5th Cir. 2004).  "In this inquiry the motive or purpose of the joinder of in-state defendants is not relevant." Id. at 574.  And a "mere possibility of recover under local law [against the in-state defendant] will not preclude a finding of improper joinder." Id. at 573 n.9 (citing Badon V. RJR Nabisco, Inc., 236 F.3d 282, 286 n.4 (5th Cir. 2000)).

In explaining the rationale for allowing a district court to "pierce the pleadings" when determining a motion to remand, the Fifth Circuit gave examples that are analytically identical to the situation here.  Specifically, the Fifth Circuit said that piercing the pleadings was appropriate where, for example, the facts showed that "the in-state doctor defendant did not treat the plaintiff patient, the in-state pharmacist defendant did not fill a prescription for the plaintiff patient, a party's residence was not as alleged, or any other fact that easily can be disproved if not true." Id. at 573 n.12 (citing Travis v. Irby, 326 F.3d 644, 648, 49 (5th Cir. 2003)); see also Garcia v. LG Electronics USA Inc., 2011 WL 2517141, at *4 (S.D. Tex. 2011) ("a simple affidavit by the innocent retailer could show that the innocent retailer, in fact, did not manufacture or design the product at issue" and therefore not liable under Texas law).

- 3 -

13.     This is not the first time that Mr. Silverstein has named "Michael Persaud" as a defendant in a lawsuit filed by Silverstein, apparently in an attempt to avoid federal diversity jurisdiction.  Silverstein has recently filed several similar lawsuits in which the complaints contain identical or nearly identical allegations regarding "Michael Persaud" as are made in the complaint in this Action.  In those cases, Silverstein alleges that "Michael Persaud" works or worked for the diverse defendants named in those cases.  See, e.g., Silverstein v. Bio Trust Nutrition, LLC, et al., Case No. BC517126 (Declaration of Joshua P. Gelbart ("Gelbart Decl."), Ex. B) (L.A. Super. Ct. Aug. 5, 2013); Silverstein v. Acquisition Media, LLC, et al., Case No. BC533137 (Gelbart Decl., Ex. C) (L.A. Super. Ct. Jan. 15, 2014); Silverstein v. Instant Checkmate, Inc., et al., Case No. BC33138 (Gelbart Decl., Ex. D) (L.A. Super. Ct. Jan. 15, 2014).  Specifically:

    a.    On or about August 5, 2013, Mr. Silverstein brought suit in the Superior Court of California for the County of Los Angeles and swore under penalty of perjury in his verified complaint that Michael Persaud had worked for "BioTrust, DermStore, Intelligent Beauty, Inc. and Joel Marrion." See Bio Trust Compl. (Gelbart Decl., Ex. B) ¶ 16.

    b.    On January 15, 2014—the same day Mr. Silverstein filed this Action—Mr. Silverstein filed *two* other actions in the Superior Court of California for the County of Los Angeles also alleging violations of Business and Professions Code § 17259.5.  In the Acquisition Media action, Mr. Silverstein alleged that "Defendants Acquisition Media and Blue Global LLC had hired, in some manner, Michael Persaud to transmit some of the emails advertising their website." Acquisition Media Compl. (Gelbart Decl. Ex. C) ¶ 13.  In the Instant Checkmate action, Mr. Silverstein alleged that Instant Checkmate, Inc. "hired Persaud to send all of the complained emails for them." Instant Checkmate Compl. (Gelbart Decl., Ex. D) ¶ 2.

- 4 -

14. Despite alleging in other cases that Michael Persaud is employed by *seven* other entities and people during the past year, in this Action Mr. Silverstein alleges that Michael Persaud works for an entirely new company, One Technologies. (Compl. ¶¶ 12, 28.)

15. As proven by the George Declaration, no one named Michael Persaud (or with the Persaud surname) has ever been employed by One Technologies to perform any service for One Technologies in any capacity. (George Decl. ¶ 4.)

16. For all the foregoing reasons, the allegations regarding Michael Persaud must be disregarded for determining diversity citizenship. See Bellecci, 2003 WL 151538, at *3.

**The Diversity of Citizenship Requirement Is Satisfied Because The Allegations Regarding "Doe" Defendants Are Ignored for Purposes of Removal**

17. The citizenship of parties sued under fictitious names, e.g. Does 1-50, is disregarded for purposes of removal on the basis of diversity jurisdiction. 28 U.S.C. § 1441(a); Strotek Corp. v. Air Transp. Ass'n. of Am., 300 F. 3d 1129, 1132 (9th Cir. 2002) ("Nor may the presence of a sham or nominal party defeat removal on diversity grounds.").

18. The only defendant that should be considered by the Court when determining diversity jurisdiction is One Technologies. Between Mr. Silverstein and One Technologies it is indisputable that complete diversity exists. See 28 U.S.C. § 1332(a)(1) and (c)(1); see also Compl. ¶¶ 3, 7.

**The Amount in Controversy Requirement Is Satisfied**

19. Based on the allegations and relief requested in the complaint, the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, satisfying the amount in controversy requirement of 28 U.S.C. § 1332(b).

20. Specifically, plaintiff seeks $1,000 from One Technologies for each "spam" email he purportedly received. (See Compl. (Prayer for Relief).) The

1 complaint alleges that he received more than 380 such emails, which according to the
2 theory of relief alleged, totals $380,000 in damages sought.  (See id. ¶ 25.[2])

### Removal Is Timely

21.  This removal is timely filed.  See 28 U.S.C. § 1446(b)(3).  The complaint purports to have been mailed to One Technologies' out of state agent for service of process located in Austin, Texas by certified mail on or about June 14, 2014.  The deadline to file a removal petition has not yet passed.  See Code Civ. Proc. § 415.40; 28 U.S.C. 1446(b)(1). This removal is filed less than one year after commencement of the Action.  See 28 U.S.C. § 1446(c)(1).

### The Other Procedural Requisites for Removal Are Satisfied

22.  One Technologies has complied with and will comply with 28 U.S.C. §§ 1446(a) and (d).  This notice of removal is accompanied by a true and correct copy of all pleadings, orders, and other papers on file in state court or served on the parties at the time of removal.  These documents are attached hereto as Exhibit A.

23.  Pursuant to 28 U.S.C. § 1446(d), a notice of filing of removal, along with a copy of this notice of removal attached thereto, will be filed promptly with the Clerk of Court in the Superior Court of California for the County of Los Angeles, Case No. BC533141, with a copy served on plaintiff Silverstein and defendant Michael Persaud, should he somehow appear prior to removal of this Action.  One Technologies also shall file with this Court a certificate of service of such notice.

24.  Venue is proper in this Court because the Action is being removed from the Superior Court of California for the County of Los Angeles, which lies within the United States District Court for the Central District of California, Western Division.  See 28 U.S.C. §§ 1441(a) and 1446(a).

---

[2] One Technologies denies these allegations.  However, for purposes of removal, the plaintiff is held to the allegations of his complaint when determining the "amount in controversy."  Korn v. Polo Ralph Lauren Corp., 536 F. Supp. 2d 1199, 1206 (E.D. Cal. 2008) (internal citations omitted) ("The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will *actually owe*.") (Emphasis in original).

25. Pursuant to Local Rule 3-1, a completed Civil Cover Sheet is filed concurrently herewith.

26. Pursuant to Fed. R. Civ. P. 7.1, two copies of the Corporate Disclosure Statement of One Technologies are filed concurrently herewith.

27. Pursuant to Local Rule 7.1-1, two copies of the Notice of Interested Parties are filed concurrently herewith.

28. No other defendant in this action needs to be joined in this removal petition. Nominal, unknown and fraudulently joined parties—like Michael Persaud—are not required to join in removal. See 28 U.S.C. § 1446(a); Emrich v. Touche Ross & Co., 846 F. 2d 1190, 1193 n. 1 (9th Cir. 1998) ("Ordinarily, under 28 U.S.C. § 1446(a), all defendants in a state action must join in the petition for removal, except for nominal, unknown or fraudulently joined parties.").

29. By this notice, One Technologies does not waive any objections that it may have to service, jurisdiction, venue, or any other defenses or objections to this Action. One Technologies intends no admission of fact, law, or liability by this notice, and reserves all defenses, motions, and pleas.

## CONCLUSION

30. Because Michael Persaud was fraudulently joined and must be discharged, his citizenship is not relevant for purposes of diversity removal, and because the amount in controversy requirement has been met, there is complete diversity of citizenship between plaintiff Silverstein, on the one hand, and defendant One Technologies, on the other; the removal of this Action is proper.

DATED: July 23, 2014                    CRONE HAWXHURST LLP

                                        By: _____
                                            Gerald E. Hawxhurst
                                            Joshua P. Gelbart
                                            Attorneys for Defendant
                                            One Technologies, L.P.

# DEMAND FOR JURY TRIAL

Defendant One Technologies, L.P. hereby demands trial by jury pursuant to Fed. R. Civ. Proc. § 38(b).

DATED: July 23, 2014

CRONE HAWXHURST LLP

By: _____
Gerald E. Hawxhurst
Joshua P. Gelbart
Attorneys for Defendant
One Technologies, L.P.