John Du Wors, State Bar No. 233913
 john@newmanlaw.com
NEWMAN DU WORS LLP
1201 Third Avenue, Suite 1600
Seattle, WA 98101
Telephone: (206) 274-2800
Facsimile: (206) 274-2801

Gerald E. Hawxhurst (Bar No. 220327)
 jerry@cronehawxhurst.com
Joshua P. Gelbart (Bar No. 274021)
 jgelbart@cronehawxhurst.com
CRONE HAWXHURST LLP
10880 Wilshire Blvd., Suite 1150
Los Angeles, California 90024
Telephone: (310) 893-5150
Facsimile: (310) 893-5195

Attorneys for Defendant
One Technologies, L.P.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| WILLIAM SILVERSTEIN,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>ONE TECHNOLOGIES, L.P., MICHAEL PERSAUD, and DOES 1-50 inclusive,<br><br>　　　　Defendants. | Case No.: 2:14-cv-05724<br><br>**DEFENDANT ONE TECHNOLOGIES, L.P.'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS**<br><br>Date: October 20, 2014<br>Time: 1:30 p.m.<br>Courtroom: 14 |

## MEMORANDUM OF POINTS AND AUTHORITIES

### Preliminary Statement

Silverstein does not—and cannot—dispute that the only binding, controlling authority governing his claims is Gordon v. Virtumundo, Inc., 575 F.3d 1040, 1064 (9th Cir. 2009).  In Gordon, the Ninth Circuit incontrovertibly held that "technical allegations," like Silverstein's claims, "regarding the header information find no basis in traditional tort theories and therefore fall beyond the ambit of the exception language in the CAN-SPAM Act's express preemption clause."  Id.  Even the cases that Silverstein cites in an attempt to somehow discredit Gordon do not criticize its holding.  To be sure, none of these district courts has disagreed with the Ninth Circuit's holding in Gordon:  claims based on merely "incomplete" information, "immaterial inaccuracies," the "use of fanciful domain names" or other "technical allegations regarding header information" are preempted by federal law.  Id.

One Technologies' motion to dismiss does not present the abstract (and therefore irrelevant) issue argued by Silverstein—viz., whether *all* claims that could potentially be asserted under the California SPAM statute are preempted by federal law. One Technologies' motion demonstrates that *Silverstein's* own claims are preempted.  Because Silverstein's claims are based on "insignificant inaccuracies," such as, allegations that One Technologies' emails purportedly contained "nonsensical" domain names or "from" lines that do not identify the sender or advertiser on their face, his claims fall outside even the broadest scope of what is permissible under federal law.  To the extent such allegations would be actionable under California state law, they would be preempted by federal law because Silverstein does not allege facts sufficient to support the elements of "fraud or deception" to fall within the CAN-SPAM Act's exception to preemption.

Even if Silverstein's claims were not preempted (they are), he fails to state a claim because they are based on alleged technicalities regarding header information. Silverstein's opposition admits as much when it complains that "this motion could

have been avoided as Plaintiff is amenable to amending his complaint." Silverstein does not, however, demonstrate—let alone promise—that his pleading failures can be remedied. That is because they cannot. Despite all his technical nit-picking and convoluted theories, Silverstein cannot allege that he was ever defrauded or deceived by One Technologies in connection with any email. One Technologies respectfully requests that the Court dismiss Silverstein's complaint without leave to amend.

## **Argument**

### **I. SILVERSTEIN'S CLAIMS ARE PREEMPTED**

#### **a. Gordon Is The Only Applicable Binding Authority Before The Court and Is Clear Ninth Circuit Law That Preempts Silverstein's Claims**

Silverstein attempts to misdirect the Court from the only binding authority before it—Gordon v. Virtumundo, Inc., 575 F.3d 1040 (9th Cir. 2009). Silverstein cites two non-binding California appellate decisions—Balsam v. Trancos, Inc., 203 Cal. App. 4th 1083 (2012) and Hypertouch v. ValueClick, Inc., 192 Cal. App. 4th 805 (2011)—and a few non-binding federal district court opinions in support of his erroneous argument against preemption here. As even Silverstein recognizes (see Opp'n at 20), Article III Courts are not bound by state court interpretations of federal law. See United States v. Kiliz, 694 F2d 628, 629 (9th Cir. 1982). The federal district courts opinions relied on by Silverstein also are not binding on this Court. See Hart v. Massanari, 266 F.3d 1155, 1174 (9th Cir. 2001). Gordon is the only binding authority before the Court and it controls.

The Ninth Circuit held in Gordon that the CAN-SPAM Act preempts all state laws with "limited, narrow exception." Gordon, 575 F.3d at 1061. "Congress carved out from preemption state laws that proscribe 'falsity or deception' in commercial e-mail communications. Id. The CAN-SPAM Act provides further clarifies that "other State laws [shall not be preempted] to the extent that those laws relate to *acts of fraud* or computer crime." Id. (emphasis in original); 15 U.S.C. § 7707(b)(2). Congress'

intended purpose was clear—"to regulate commercial email 'on a nationwide basis,'" and to save from preemption only 'statutes, regulations, or rules that target *fraud or deception*.'" Gordon, 575 F.3d at 1061-62 (emphasis in original).

The plaintiff in Gordon alleged that "in order to ascertain the actual identity of the e-mails' sender a recipient must either review the *message content* or consult a WHOIS-type database" and that this violated the state spam e-mail law. Id. at 1064 (emphasis added). The liability theory asserted in Gordon is substantially identical to the liability theory asserted by Silverstein. To be sure, in his opposition Silverstein explains that "Defendant argues that because Silverstein was able to identify that Defendant OneTech is advertised in e-mails, that the e-mails are not deceptive. Such argument ignores that Defendant could be identified by the *e-mail content*, without the use of the e-mail header." (Opp'n at 3 (emphasis added).) Silverstein's argument directly conflicts with the holding in Gordon, which rejected the same liability theory.

Silverstein asserts that the "links contained in the e-mail take the user to [One Technologies'] web site … [and] [t]hough not stated in the complaint, it is reasonable to assume that Plaintiff was able to identify Defendant by *extra effort* of following the links contained in the body of the email. (Opp'n at 3:3-6 (emphasis added).) Silverstein again ignores the holding of Gordon—that a "practice that requires consumers to engage in an *extra step* [to ascertain the actual identity of the e-mails' sender]…[does not] rise to the level of 'falsity or deception' within the meaning of CAN-SPAM Act's preemption clause." Gordon, 575 F.3d at 1064 (emphasis added).

Having asserted that he was able to identify One Technologies in each of the allegedly deceptive emails, Silverstein is forced to turn verbal somersaults in an attempt to save his claims: On the one hand, Silverstein has admitted that the emails were not misleading (after all, he claims he identified One Technologies in each email), while on the other hand asserting that his complaint nevertheless alleges "three facts" to establish deceptiveness: (1) "that the 'From: lines' are deceptive because they have non-functioning e-mail addresses;" (2) "that the 'From:' lines are

- 3 -
ONE TECHNOLOGIES, L.P.'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS

deceptive because they are not traceable to either the sender or advertiser"; and (3) "that Defendants inserted a falsified 'Delivered-To' line in the header." (Opp'n at 6.)

Silverstein's attempt to argue deception dooms his complaint because each of his arguments about the supposed "three facts" concerns information contained in the "header" of the email and mirror the arguments raised by the plaintiff in Gordon. Gordon—like Silverstein—argued "that the only information that could be used in the 'from name' field that would not actually misrepresent is the name of the 'person or entity who actually sent the e-mail, or perhaps … the person or entity who hired the sender to send the email on their behalf.'" Gordon, 575 F.3d at 1064. At bottom, Silverstein argues that "One Technologies" should have been identified in the "from" field to comply with California law, just as Gordon argued that state law required "Virtumundo" to be identified in the email's "from" field. The Ninth Circuit in Gordon rejected this theory and made clear that the "CAN-SPAM Act does not impose such a requirement [and] [t]o the extent such a content or labeling requirement may exist under state law, it is clearly subject to preemption." Id.

Silverstein's liability theory is substantially identical to the theory asserted by Gordon and rejected by the Ninth Circuit: "Such technical allegations regarding the header information find no basis in traditional tort theories and therefore fall beyond the ambit of the exception language in the CAN-SPAM Act's express preemption clause." Id. Gordon is controlling here and, under the Ninth Circuit's reasoning, Silverstein's complaint should be dismissed in its entirety.

### b. Silverstein's Claims Are Preempted Under The Nonbinding Case Law Cited In His Opposition

The cases cited in the opposition do not save the complaint. Silverstein's claims fail when judged under the state court decisions disapproving of the Ninth Circuit's more "restrictive view of the CAN-SPAM Act's savings clause" as explained and applied in Gordon. See Balsam, 203 Cal. App. 4th at 1102. To begin

- 4 -
ONE TECHNOLOGIES, L.P.'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS

1  with, these non-binding state court opinions agree with <u>Gordon</u> (and the Fourth
2  Circuit in <u>Omega World Travel, Inc. v. Mummagraphics, Inc.</u>, 469 F.3d 348 (4th Cir.
3  2006)) that "state law claims based on no more than *immaterial* or *nondeceptive*
4  inaccuracies or omissions in commercial e-mails are preempted." <u>Balsam</u>, 203 Cal.
5  App. 4th at 1102-03 (citing <u>Hypertouch</u>, 192 Cal. App. 4th at 831-33 (2011); <u>Omega</u>,
6  469 F.3d at 353-54; <u>Gordon</u>, 575 F.3d at 1063-64). Silverstein admits—as he must—
7  that on this point <u>Hypertouch</u> and <u>Balsam</u> are "consistent with <u>Gordon</u>." (<u>See</u> Opp'n
8  at 20.)

9        None of the federal district court opinions cited by Silverstein criticize the
10 holding or reasoning in <u>Gordon</u>; rather, each court goes out of its way to distinguish
11 the facts of the case before it, from the facts asserted in <u>Gordon</u>. And while those
12 state court cases turn on their particular facts, the courts in them all agree with the
13 holding of <u>Gordon</u>: claims based on merely "incomplete" information, "immaterial
14 inaccuracies," the "use of fanciful domain names" or other "technical allegations
15 regarding header information" are preempted by federal law. <u>See</u>, <u>e.g.</u>, <u>Gordon</u>, 575
16 F.3d at 1064; <u>Balsam</u>, 203 Cal. App. 4th at 1097, 1102-03.

17       Much of Silverstein's opposition and all of the post-<u>Gordon</u> cases cited in
18 Section G of the opposition (<u>see</u> Opp'n at 15-20) focus on a question that does not
19 matter and is not asked in this case—<u>viz.</u>, whether "a plaintiff can only plead 'falsity
20 or deception' by pleading all of the elements of common law fraud, or whether the
21 CAN-SPAM Act spared Section 17529.5 plaintiffs from pleading reliance and
22 damages." <u>See</u> <u>Wagner v. Spire Vision</u>, 2014 WL 889483, at *2 (N.D. Cal. 2014)
23 (addressing whether all of the elements of common law fraud must be pled in order
24 for a plaintiff to fall within the exception to the express preemption of the CAN-
25 SPAM Act, but also confirming that "our court of appeals held that any statute
26 requiring an advertiser's 'name expressly appear on the 'front lines'' of an email is
27 preempted under CAN-SPAM Act because it is not based on 'traditional tort
28 theories.'"). Silverstein's focus on this issue is wholly misplaced because it is beside

the point. Whether a plaintiff has to plead each element of fraud or only some of them does not matter because Silverstein's allegations fall squarely within the facts and holding of Gordon and would fail even *without* having to plead reliance and damages. Silverstein's claims fall short of even the broadest interpretation of the "falsity or deception" exception to CAN-SPAM Act's preemption clause.

## II. EVEN IF SILVERSTEIN'S CLAIMS WERE NOT PREEMPTED, THEY STILL FAIL TO STATE A CLAIM UNDER CALIFORNIA LAW

Even if Silverstein's claims are not preempted—which they are—he still fails to state a claim under California law. Not surprisingly, the opposition does not even attempt to rebut the showing made in One Technologies' opening papers showing that his claims fail even if not federally preempted. (See Mot. at 7.) To the contrary, Silverstein tacitly concedes that his complaint does not state a claim under California law when he asserts that "this motion could have been avoided as Plaintiff is amenable to amending his complaint." (See Opp'n at 2:15-16.) Putting aside the fact that Silverstein did not agree to dismiss these claims or amend them during the parties' meet and confer,[1] Silverstein cannot save his complaint through amendment.

The California Supreme Court has already rejected claims similar to those asserted by Silverstein. In Kleffman v. Vonage Holdings Corp., 49 Cal. 4th 334, 345 (2010), the California Supreme Court held that an email with an "accurate and traceable domain name does not misrepresent header information under § 17529.5(a)(2) … The court rejected Kleffman's attempt to define misrepresented header information to include misleading header information because the legislative history does not support Kleffman's expansive construction of the statute." Kleffman v. Vonage Holdings Corp., 387 Fed. Appx. 696, 698 (9th Cir. 2010). Here, Silverstein's allegations—that the "from" lines "contain[] nonsensically named domain names" "designed to prevent e-mail recipients from being able to identify . . .

---

[1] See Supp. Du Wors Decl. ¶¶ 2–3.

[or] contact the sender of the e-mails" (see Compl. ¶¶ 47–53.)—attempt to expand what is actionable under the California law. See Kleffman, 49 Cal. 4th at 345.

The California Court of Appeal later held in Balsam that "header information in a commercial e-mail is falsified or misrepresented for purposes of section 17529.5(a)(2) when it uses a sender domain name that neither identifies the actual sender on its face *nor* is readily traceable to the sender…" Balsam, 203 Cal. App. 4th at 1101 (emphasis in original). The court of appeal explained that Kleffman intended to use the same "standard of investigation" discussed in Gordon and "that a domain name is 'traceable' to the sender if the recipient of an e-mail could ascertain the sender's identity and physical address through the use of a publicly available database such as WHOIS." Id. at 1098. Nonetheless, the court in Balsam found that the defendant violated section 17529.5(a)(2) because it was "undisputed Trancos intentionally used only privately registered, meaningless domain names in order to prevent e-mail recipients from being able to identify it as the sender, or to contact it except by sending a blind reply e-mail to an address the sender would have no way of linking to Trancos." Id. at 1097. In this case, Silverstein admits that he could identify One Technologies as the sender of the email because its name was in the content of the email and the "link" in the emails directed the user to Defendant's website. (See Compl. ¶ 62.) Silverstein does not state a claim under California law.[2]

Additionally, Silverstein fails to plead sufficient facts in support of his claim as required under Rule 8. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (Rule 8 requires a plaintiff to plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.") Silverstein does not oppose One Technologies assertion in its motion to dismiss that "Silverstein

---

[2] Federal courts follow state courts interpretation of state laws. See Chalmers v. Southern Pac. Co., 8 F.2d 480 (1925). Accordingly, the California cases are binding authority on the federal court when considering California law, such as Business and Professions Code section 17529.5(a)(2), but are not when considering federal law, such as the scope of federal preemption under the CAN-SPAM Act.

- 7 -
ONE TECHNOLOGIES, L.P.'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS

relies entirely on a conclusory recitation of statutory language and an allegation couched on information and belief." (Mot. at 7.) To be sure, Silverstein does not allege the he was misled or deceived, which would be required to fall within the exception to federal preemption. See Gordon, 575 F.3d 1063. In fact, 14 of the 16 allegations that Silverstein cites to in his opposition to show that he sufficiently alleged deception are based on only "information and belief," and the remaining two allegations also have nothing to do with whether *Silverstein* was misled or deceived. To state the obvious, Silverstein cannot base allegations on whether *he* was misled or deceived on "information and belief." Even if Silverstein does not have to plead all of the elements of common law fraud (namely, reliance and damages), he fails to adequately plead a claim for relief under section 17529.5(a)(2).

### III. SILVERSTEIN'S REMAINING ARGUMENTS FAIL

The opposition begins by addressing arguments and theories that were not presented by One Technologies' motion to dismiss. For example, while true, whether Silverstein is a "professional plaintiff" who makes his living by affirmatively seeking so-called "SPAM" so he can sue, is irrelevant to the determination of the motion to dismiss. Silverstein's practice of "attracting" "SPAM" would be an issue if this case survived the motion to dismiss, but it is not an issue at this time. This is yet another attempt by Silverstein to misdirect the Court.

Additionally, Silverstein is incorrect that the parties did not meet and confer about One Technologies' motion to dismiss. One Technologies' counsel, John Du Wors, met and conferred telephonically with Silverstein about the deficiencies in Silverstein's Complaint—including the critical threshold issue of federal preemption under CAN-SPAM—and the merits of One Technologies' intended motion to dismiss under Rule 12(b)(6). (See Supplemental Declaration of John Du Wors in Support of Defendant One Technologies, L.P.'s Motion to Dismiss Under Rule 12(b)(6) (Supp. Du Wors Decl.) ¶¶ 2–3.) Following that conference, One Technologies' counsel emailed Silverstein a confirming email expressly referencing the planned motion to

dismiss. (Id. ¶ 4, Ex. A.) Silverstein replied, confirming receipt. (Id. ¶ 5, Ex. A.)

## Conclusion

Silverstein's complaint should be dismissed under the Ninth Circuit's holding in Gordon v. Virtumundo, Inc., 575 F.3d 1040 (9th Cir. 2009). The claims asserted in the complaint are preempted under the broadest interpretation of the "falsity or deception" exception to CAN-SPAM Act's preemption clause, as discussed in the state court cases relied on in the opposition.

One Technologies respectfully requests that the Court issue an order dismissing Silverstein's entire complaint with prejudice because his claims are preempted and because the emails at issue do not rise to the level of "falsity or deception" that is actionable under California law.

DATED: October 6, 2014                     NEWMAN DU WORS LLP

By: _____/s/ John Du Wors_____
John Du Wors, State Bar No. 233913
john@newmanlaw.com

CRONE HAWXHURST LLP
Gerald E. Hawxhurst, State Bar No. 220327
jerry@cronehawxhurst.com
Joshua P. Gelbart, State Bar No. 274021
jgelbart@cronehawxhurst.com

Attorneys for Defendant
One Technologies, L.P.