LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV-14-05724 BRO (VBKx) | Date | October 14, 2014 |
|---|---|---|---|
| Title | WILLIAM SILVERSTEIN V. ONE TECHNOLOGIES, L.P. ET AL. | | |

| Present: The Honorable | BEVERLY REID O'CONNELL, United States District Judge | |
|---|---|---|
| Renee A. Fisher | Not Present | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS)
**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [17] AND VACATING DEFENDANT'S MOTION TO DISMISS [24]**

Pending before the Court are two separate motions: (1) Plaintiff William Silverstein's motion to remand this case to the Superior Court of California, County of Los Angeles, (Dkt. No. 17), and (2) Defendant One Technologies' motion to dismiss, (Dkt. No. 24). After considering the papers filed in support of and in opposition to these motions, the Court finds the motions appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15. For the reasons set forth below, Plaintiff's motion to remand is **GRANTED** for lack of subject matter jurisdiction. Because the Court lacks jurisdiction, it **VACATES** Defendant's motion to dismiss.

## I. BACKGROUND

### A. Facts

Plaintiff William Silverstein is an individual California resident. (Compl. ¶ 3.) Defendant One Technologies ("OneTech") is a Delaware corporation with its principal place of business in Texas. (Dkt. No. 1-10 ¶ 2.) None of OneTech's partners are citizens of the State of California. (Dkt. No. 1-10 ¶ 2.) Defendant Michael Persaud is an individual residing in California who has been charged with and convicted of sending illegal spam e-mails. (Compl. ¶¶ 8–11.)

Plaintiff conducts his business as an e-mail service provider, enabling registered users to send and receive e-mails through equipment located in California. (Compl. ¶¶ 4– 5.) Plaintiff claims that OneTech and Michael Persaud (collectively, "Defendants") are

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV-14-05724 BRO (VBKx) | Date | October 14, 2014 |
|---|---|---|---|
| Title | WILLIAM SILVERSTEIN V. ONE TECHNOLOGIES, L.P. ET AL. | | |

liable for sending at least 380 e-mails in violation of Cal. Bus. & Prof. Code § 17529.5. (Compl. ¶¶ 25, 38–62.) Plaintiff asserts that the e-mails advertised a link to OneTech's website but contained falsified headers or were registered with false information. (Compl. ¶¶ 31–35, 47.) He also alleges that some of the e-mails included the third-party domain name yahoo.com without the third party's permission. (Compl. ¶ 30.) Plaintiff further claims that Defendants knew the e-mails were unsolicited yet sent them anyway, and that he has personally received several of these spam e-mails. (Compl. ¶¶ 33–37.)

In a declaration filed in support of his motion to remand, Plaintiff states that he has identified Michael Persaud as the sender of at least two of the 380 e-mails at issue. (Dkt. No. 17-1 ¶¶ 13, 17–23.) Moreover, Plaintiff alleges that several of the spam e-mails use domain names registered to Michael Pearson and Jeff Martinez, which are aliases that share the same sub-affiliate identifier as Persaud.[1] (Dkt. No. 17-1 ¶¶ 17–23.)

### B. Procedural History

On January 15, 2014, Plaintiff filed a Complaint against Defendants in the Superior Court of California, County of Los Angeles, alleging that Defendants engaged in "spam" commercial e-mail advertising in violation of Cal. Bus. & Prof. Code § 17529.5. (Compl. ¶¶ 1–2.) On July 23, 2014, OneTech removed the action to this Court pursuant to 28 U.S.C. §§ 1441 and 1446, on the basis that the parties satisfy the jurisdictional requirements of 28 U.S.C. § 1332. (Dkt. No. 1 ¶ 9.)

On August 21, 2014, Plaintiff filed a motion to remand the action to state court, contending that jurisdiction under 28 U.S.C. § 1332 is improper because the parties lack complete diversity. (Dkt. No. 17.) OneTech filed a late opposition to this motion on September 16, 2014, (Dkt. No. 20), to which Plaintiff replied on October 6, 2014, (Dkt. No. 33). Two days after opposing Plaintiff's motion, OneTech moved to dismiss Plaintiff's Complaint. (Dkt. No. 24.) Plaintiff opposed this motion on September 29, 2014, (Dkt. No. 30), and OneTech replied on October 6, 2014, (Dkt. No. 32).

## II. LEGAL STANDARD

---

[1] According to Plaintiff, a sub-affiliate identifier tracks "who is paid when the e-mail advertisement results in a sign-up or purchase." (Dkt. No. 17-1 ¶ 20.)

Case 2:14-cv-05724-BRO-VBK Document 38 Filed 10/14/14 Page 3 of 8 Page ID #:1028

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV-14-05724 BRO (VBKx) | Date | October 14, 2014 |
|---|---|---|---|
| Title | WILLIAM SILVERSTEIN V. ONE TECHNOLOGIES, L.P. ET AL. | | |

### A. Removal

A defendant may remove a state action only if the plaintiff could have originally filed the action in federal court. 28 U.S.C. § 1441(a). Federal district courts retain original jurisdiction over cases that arise under federal law. *Id.* § 1331. A federal question exists where a "right or immunity created by the Constitution or laws of the United States" is an essential element of the plaintiff's cause of action. *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 10–11 (1983) (quoting *Gully v. First. Nat'l Bank*, 299 U.S. 109, 112 (1936)). Original jurisdiction also lies in actions in which the parties are completely diverse and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. Complete diversity of citizenship requires "the citizenship of each plaintiff [to be] diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

But a non-diverse defendant who has been fraudulently joined may be disregarded for federal jurisdiction purposes. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009). Fraudulent joinder is a term of art and does not implicate a plaintiff's subjective intent. *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). It exists, and the nondiverse defendant is ignored for purposes of determining diversity of the parties, if the plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Id.* at 1339; *accord Ritchey v. Upjohn Drug Co.*, 139 F.2d 564, 566 (9th Cir. 1998).

The Ninth Circuit has strictly construed the removal statute against removal. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988). Nevertheless, in cases involving a resident defendant, if "'[a] plaintiff fails to state a cause of action against [the] resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent' and removal is proper." *Gardner v. UICI*, 508 F.3d 559, 561 (9th Cir. 2007) (quoting *Mercado v. Allstate Ins. Co.*, 340 F.3d 824, 826 (9th Cir. 2003)).

### B. Remand

A court shall remand a case for lack of subject matter jurisdiction or any other defect in the removal procedure. 28 U.S.C. § 1447(c). Upon a plaintiff's motion to

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV-14-05724 BRO (VBKx) | Date | October 14, 2014 |
|---|---|---|---|
| Title | WILLIAM SILVERSTEIN V. ONE TECHNOLOGIES, L.P. ET AL. | | |

remand, a defendant bears the burden of establishing proper removal and federal jurisdiction. *Gaus*, 980 F.2d at 566. Federal jurisdiction must be rejected if there is any doubt as to the right of removal. *Id*. As a result, where there is any doubt regarding the right to removal, "a case should be remanded to state court." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

### III. DISCUSSION

#### A. The Court Lacks Subject Matter Jurisdiction

In its Notice of Removal, OneTech asserted that Persaud was a fraudulently joined defendant added by Plaintiff for the sole purpose of destroying diversity jurisdiction. (Dkt. No. 1 at 3–6.) In Plaintiff's motion to remand, however, Plaintiff contends that he has sufficiently identified Persaud as the sender of certain of the e-mails at issue. Thus, because both the advertiser and e-mail sender are liable for illegal spamming under Cal. Bus. & Prof. Code § 17529.5, Plaintiff asserts that has properly joined Persaud as a defendant in the present action. (Dkt. No. 17 at 6.) There is no dispute that, if Persaud was properly named as a Defendant, this Court lacks jurisdiction over this case. As a result, the primary issue before the Court is whether Persaud was fraudulently joined.

To defeat Plaintiff's motion to remand, OneTech bears the burden of demonstrating that Persaud's presence in the instant action is improper. *See Gaus*, 980 F.2d at 566. "There is a general presumption against a finding of fraudulent joinder, and the removing party must prove by clear and convincing evidence that joinder was fraudulent." *Huber v. Tower Grp., Inc.*, 881 F. Supp. 2d 1195, 1199 (E.D. Cal. 2012); *accord Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007) ("Fraudulent joinder must be proven by clear and convincing evidence."); *Diaz v. Allstate Ins. Grp.*, 185 F.R.D. 581, 586 (C.D. Cal. 1998) ("[D]efendants who assert fraudulent joinder carry a heavy burden of persuasion."). To defeat remand, OneTech must therefore establish that Plaintiff has failed to state a claim against the Persaud as the non-diverse defendant based on settled California law. *McCabe*, 811 F.2d at 1339. Plaintiff, on the other hand, can establish that removal was improper merely by demonstrating that "there is any possibility that [he] will be able to establish liability against the party in question." *Briano v. Conseco Life Ins. Co.*, 126 F. Supp. 2d 1293,

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV-14-05724 BRO (VBKx) | Date | October 14, 2014 |
|---|---|---|---|
| Title | WILLIAM SILVERSTEIN V. ONE TECHNOLOGIES, L.P. ET AL. | | |

1296 (C.D. Cal. 2000). For the following reasons, the Court finds that federal diversity jurisdiction does not lie and that remand is therefore necessary.

### 1. Plaintiff Has Adequately Pled a Claim Against Persaud

Plaintiff's cause of action alleges that both OneTech and Persaud are liable for sending unsolicited e-mail messages in violation of Cal. Bus. & Prof. Code § 17529.5. (Compl. ¶¶ 27–29.) Section 17529.5 prohibits the dissemination of e-mail advertisements featuring falsified headers or subject lines that would likely mislead the recipient about the contents of the message. Cal. Bus. & Prof. Code § 17529.5(a)(2)–(3). The statute also forbids the use of a third party's domain name in an e-mail advertisement without the third party's permission. *Id.* § 17529.5(a)(1). Furthermore, under section 17529.5(b), both "[a]n electronic mail service provider" and "[a] recipient of an unsolicited commercial e-mail advertisement" can "bring an action against a person or entity that violates any provision of this section." *Id.* § 17529.5(b)(1)(A)(ii)–(iii).

Plaintiff asserts that he has been both the e-mail service provider and a recipient of numerous e-mails containing falsified headers, nonsensical domain names, and the domain name yahoo.com, which he claims was used without the domain name owner's consent. (Compl. ¶¶ 30–35, 46–56.) Plaintiff also alleges that the "From lines" in the e-mails were designed to prevent recipients from being able to identify or contact the e-mail sender, and that a search on a publicly available online database like "WHOIS" would not yield the actual identity of the sender or advertiser. (Compl. ¶¶ 48–60.)

In *Gordon v. Virtumundo, Inc.*, 575 F.3d 1040, 1064 (9th Cir. 2009), the Ninth Circuit reasoned that there is nothing inherently deceptive about nonsensical domain names where the plaintiff conceded that a database search using WHOIS would accurately identify the defendant as the proper domain owner. Relatedly, in *Balsam v. Trancos, Inc.*, 203 Cal. App. 4th 1083, 1096–101 (Cal. Ct. App. 2012), the court held that the use of domain names which fail to identify the true sender of the e-mails and which cannot be readily traced to the sender using a database like WHOIS constitutes falsification within the meaning of section 17529.5. Here, Plaintiff has alleged both that a WHOIS search would not yield the sender's true identity and that the information in the headers and "From lines" of the e-mails is false and misleading. (Compl. . ¶¶ 31–35, 47,) As a result, the Court finds that Plaintiff has sufficiently alleged that the e-mails at issue

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV-14-05724 BRO (VBKx) | Date | October 14, 2014 |
|---|---|---|---|
| Title | WILLIAM SILVERSTEIN V. ONE TECHNOLOGIES, L.P. ET AL. | | |

contain falsified content under section 17529.5, and that these allegations establish an adequate factual basis to state a claim against Persaud. *See Balsam*, 203 Cal. App. 4th 1096–101.

### 2. OneTech Has Failed to Demonstrate Fraudulent Joinder by Clear and Convincing Evidence

OneTech maintains in its opposition that Persaud has been fraudulently joined for the purpose of destroying federal diversity jurisdiction. (Dkt. No. 20 at 5.) OneTech asserts that Plaintiff has included Persaud in the present action to act as a "straw man" to undermine complete diversity of the parties and that Plaintiff has used this tactic in a number of state lawsuits. (Dkt. No. 20 at 5.) Plaintiff claims that the multiple lawsuits he has brought against Persaud demonstrate that Persaud is a serial spammer, not that Persaud has been fraudulently joined in the instant action.[2] (Dkt. No. 17 at 5.) Regardless of OneTech's contention, however, the relevant inquiry is not the purpose for which the plaintiff joined the resident defendant, but whether the plaintiff has stated a valid claim against the resident defendant. *See McCabe*, 811 F.2d at 1339; *Briano*, 126 F. Supp. 2d at 1296; *Levine v. Allmerica Fin. Life Ins. & Annuity Co.*, 41 F. Supp. 2d 1077, 1078 (C.D. Cal. 1999) ("The Court need not inquire into plaintiff's motives in joining a nondiverse defendant.").

Thus, to prove fraudulent joinder, OneTech must establish through clear and convincing evidence that Plaintiff cannot possibly prevail on his cause of action against Persaud. *See McCabe*, 811 F.2d at 1339. Plaintiff contends that in order for OneTech to meet this burden, OneTech would have to establish that it knew the identity of every person who transmitted an e-mail on its behalf and that it was certain Persaud was not among them. (Dkt. No. 17 at 5.) Plaintiff directs the Court's attention to *Hypertouch, Inc. v. ValueClick, Inc.*, 192 Cal. App. 4th 805, 830 n.8 (Cal. Ct. App. 2011), where the

---

[2] In his motion to remand, Plaintiff erroneously uses the term misjoinder to refer to the concept of fraudulent joinder. "'Fraudulent joinder' of defendants addresses the viability of claims against a defendant. 'Fraudulent *misjoinder*,' on the other hand, addresses the joinder of the claims rather than their viability." *Geffen v. Gen. Elec. Co.*, 575 F. Supp. 2d 865, 869 (N.D. Ohio 2008). Notwithstanding Plaintiff's error, the Court interprets Plaintiff's references to misjoinder as intending to raise the issue of fraudulent joinder.

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV-14-05724 BRO (VBKx)** | Date | October 14, 2014 |
|---|---|---|---|
| Title | **WILLIAM SILVERSTEIN V. ONE TECHNOLOGIES, L.P. ET AL.** | | |

court found that online marketing service companies utilize "thousands of affiliates and sub-affiliates to drive consumers to their promotional offers," with the result that "they have no knowledge of, or control over, the content of the e-mails used by affiliates or their sub-affiliates." Relying on *Hypertouch*'s finding, Plaintiff argues that the anonymous nature of the e-mail marketing model renders it virtually impossible for OneTech to prove with clear and convincing evidence that none of its affiliates ever employed Persaud as a sub-affiliate to send marketing e-mails on OneTech's behalf. (Dkt. No. 17 at 5–6.)

Although OneTech includes a declaration by its human resources director, Heather George, in which she asserts that the company has never employed an individual named Michael Persaud, (Dkt. No. 1-10 ¶ 4), OneTech fails to identify each e-mail affiliate and sub-affiliate responsible for disseminating its e-mail advertising. Ms. George's declaration fails to address the possibility that one of OneTech's numerous marketing affiliates contracted with Persaud to send one of the e-mails at issue without OneTech's knowledge. And assuming this is the case, even though OneTech never knowingly hired Persaud, OneTech may still be strictly liable under section 17529.5 for Persaud's illegal spamming because the statute lacks a "scienter" requirement. *Hypertouch*, 192 Cal. App. 4th at 821. Thus, the Court finds that OneTech's declaration fails adequately to rebut Plaintiff's allegations that Persaud was involved in illegal e-mail marketing. OneTech has therefore failed to establish with clear and convincing evidence that Persaud was fraudulently included in the present action.

Because OneTech has failed to demonstrate that Persaud was fraudulently joined in this case, the parties lack complete diversity, and removal pursuant to 28 U.S.C. § 1332 was therefore improper. *See Caterpillar*, 519 U.S. at 68. Accordingly, the Court must remand this case to state court for lack of subject matter jurisdiction.

### B.     Attorney's Fees and Costs Are Not Warranted

Plaintiff requests sanctions to be entered against OneTech to compensate Plaintiff's attorney's fees and costs. He claims that sanctions are proper because OneTech removed the case even though it knew Plaintiff had a reasonable basis for including Persaud. (Dkt. No. 17 at 8.) The standard for overcoming a request for fees and costs under § 1447(c), however, requires only that the removing party have "an

Case 2:14-cv-05724-BRO-VBK Document 38 Filed 10/14/14 Page 8 of 8 Page ID #:1033

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV-14-05724 BRO (VBKx)** | Date | October 14, 2014 |
|---|---|---|---|
| Title | **WILLIAM SILVERSTEIN V. ONE TECHNOLOGIES, L.P. ET AL.** | | |

objectively reasonable basis" for removing an action. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 134 (2005) ("Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."). OneTech argues that its removal was reasonable and "pursuant to a fair reading of the relevant precedent." (Dkt. No. 20 at 7.) OneTech's removal was based on its assertion of fraudulent joinder, which the Court has found lacks merit. Nevertheless, "removal is not objectively unreasonable solely because the removing party's arguments lack merit." *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008). And given OneTech's apparent unfamiliarity with Persaud, it was not objectively unreasonable for OneTech to believe Persaud was fraudulently joined. Indeed, the current state of California law interpreting the statute at issue here places a remarkably heavy burden on defendants such as OneTech to establish fraudulent joinder in this context.

Thus, although OneTech ultimately failed to show by clear and convincing evidence that Persaud was not hired by an affiliate to send one of the e-mails at issue, OneTech was not unreasonable in claiming that Persaud was fraudulently joined based on its belief that it could prove this claim. Accordingly, the Court denies Plaintiff's request for sanctions in the form of attorney's fees and costs.

**IV. CONCLUSIO**   For the foregoing reasons, the Court **GRANTS** Plaintiff's motion to remand for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1332, and the action is therefore **REMANDED** to the Superior Court of California, County of Los Angeles, Central District. Plaintiff's request for sanctions is **DENIED**, and Defendant OneTech's motion to dismiss is **VACATED** for lack of subject matter jurisdiction.

**V.  IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | rf |